UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

Michael Einhorn, individually and on behalf
of all others similarly situated,

                 Plaintiff,                Index No.

       v.

Renaissance Economic Development
Corporation,

                 Defendant.

---------------------------------------------------------------X

## CLASS ACTION COMPLAINT

Plaintiff Michael Einhorn, by and through the undersigned counsel, states as follows:

1. The Plaintiff, individually and on behalf of others similarly situated, seeks redress for the Defendant's violations of the Fair Credit Reporting Act (or "FCRA"), 15 U.S.C. § 1681, *et seq.*, and New York General Business Law ("GBL") § 349.

## PRELIMINARY STATEMENT

2. Renaissance Economic Development Corporation ("Renaissance") is a financial institution based on New York that loaned money to the Plaintiff. From 2020 through 2021, Renaissance repeatedly withdrew money without authorization from a bank account held by the Plaintiff. From 2021 through 2022, Renaissance repeatedly and continuously reported negative and inaccurate information regarding the Plaintiff to one or more to credit reporting agencies. Despite multiple disputes made by the Plaintiff, Renaissance failed to properly remove the inaccurate reporting for nearly one year. Renaissance's inaccurate reporting was published to others; it caused the Plaintiff significant distress; it damaged his creditworthiness; and it lowered his credit score

1

upon information and belief. Based on information, belief, and statements by Renaissance agents, the unauthorized withdrawals and inaccurate reporting were the result of systematic failures that affected many other individuals. For this reason, the Plaintiff seeks redress on behalf of himself and similarly situated individuals so that others do not suffer the conduct that he did.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over actions arising under the FCRA. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy that is described herein.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district. The Defendant's principal office is located in this district and the events giving rise to the claims occurred in this district.

## THE PARTIES

5. The Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint (hereinafter "Complaint") as though fully stated herein.

6. The Plaintiff is an adult individual who resides in the State of New York. The Plaintiff and putative class members are consumers pursuant to the FCRA. *See* 15 U.S.C. § 1681a. Furthermore, the Plaintiff and putative class members are injured individuals pursuant to GBL § 349.

7. Defendant Renaissance is a financial institution that provides lending services. Its principal office is located in Manhattan at 2 Allen Street, 7th Floor New York, NY, 10002. Renaissance is a furnisher of credit reporting information pursuant to 15 U.S.C. § 1681s-2 and a furnisher of commercial services pursuant to GBL § 349.

2

## FACTUAL ALLEGATIONS

8. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein

9. The Plaintiff is a borrower who received funds from Renaissance. In or about October of 2020, Renaissance made an unauthorized withdrawal from the Plaintiff's bank account. Renaissance did not have permission, consent, or authority to make the said withdrawal. On October 25, 2020, the Plaintiff notified Renaissance that it had made an unauthorized withdrawal. Nonetheless, Renaissance made another unauthorized withdrawal the following month. On November 9, 2020, Renaissance emailed the Plaintiff and stated, "Please accept our apology for this careless mistake." Despite this admission, the improper withdrawals continued through 2021 and other problems ensued.

10. In about March of 2021, the Plaintiff noticed Renaissance had falsely reported to one or more credit reporting agencies that his account was delinquent. Upon noticing this, the Plaintiff became distressed and confused as he had made timely payments to Renaissance each and every month.

11. After noticing the erroneous reporting, Plaintiff submitted a dispute with respect to his Trans Union LLC ("Trans Union") credit report on or about March 26, 2021. The Plaintiff also informed Renaissance of the incorrect reporting on or about April 4, 2021. Following this, the Plaintiff contacted Renaissance again on April 6, May 19, July 11, and July 19 of 2021. Each time the Plaintiff contacted Renaissance, he informed the company that an incorrect delinquency continued to appear on his credit report. Often Renaissance simply would not respond; other times Renaissance merely stated that it review the issue.

12. On July 20, 2021, Renaissance informed the Plaintiff, "We have scheduled a call with CBA [or Credit Builders Alliance], the organization we work with for credit reporting, tomorrow morning to help update your account." The next day, Renaissance informed the Plaintiff that the "correction has been submitted to the credit bureaus" and it should be reflected on his report in three to five business days. Despite this, the incorrect reporting continued to appear on the Plaintiff's credit report well after the aforementioned time period.

13. In February of 2022, the Plaintiff was denied credit from another financial institution. Upon information and belief, the denial was due to the continued inaccurate credit reporting by Renaissance. On February 20, 2022, the Plaintiff submitted another dispute regarding the inaccurate reporting to Trans Union.

14. On the above date, the Plaintiff also informed Renaissance that his credit report was still showing a delinquency. The next day, Renaissance responded by email and explained that it had discovered that some "accounts are reporting inaccurate data in the file generated for reporting to the credit bureaus . . ." (Ex. A.) The email also stated that it "is difficult for Renaissance to catch these inaccuracies" under certain circumstances. (*Id.*) The above email also stated that despite the aforementioned problem, Renaissance "can easily update [the Plaintiff's] credit report within 3-5 business days directly with the credit bureaus." (*Id.*)

15. Despite this, the Plaintiff received notice approximately two days later that Trans Union had verified that the Renaissance account was accurately reported. On March 20, 2022, the Plaintiff contacted Renaissance again and informed the company that his account was still being reported inaccurately. Nonetheless, the account remained uncorrected until the Plaintiff submitted another dispute to Trans Union in June of 2022.

16. On or about June 20, 2022, the inaccurate reporting was finally corrected. However, this correction occurred after many brushed-aside disputes by the Plaintiff over the course of more than a year. Upon information and belief, Renaissance did not conduct a timely investigation of the account; it continued to report negative information while it had actual knowledge of the errors; it did not properly report investigation results to consumer reporting agencies; and it did not modify or adjust reporting information pursuant to a proper investigation. Furthermore, Renaissance's inaccurate reporting was published to other companies who made credit inquiries; the persistent inaccurate reporting caused the Plaintiff significant distress; it damaged his creditworthiness; and it lowered his credit score upon information and belief.

17. Plaintiff has additionally suffered pecuniary loss in attempting to correct Renaissance's reporting of inaccurate and derogatory information, without success, including but not limited to time loss and charges for postage.

18. Plaintiff's injuries are concrete. Renaissance's conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation.

19. Furthermore, Congress enacted the FCRA to protect consumers from precisely the conduct described in this Complaint. Congress found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because

consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

20. The alleged transgressions by Renaissance would, if left unchecked in a competitive marketplace, naturally propagate had Congress not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

21. Thus, Renaissance failed to complete a reasonable reinvestigation in response to Plaintiff and the putative class's disputes, and Plaintiff was damaged thereby.

## **CLASS ALLEGATIONS**

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Plaintiff brings this action on behalf of himself and similarly situated individuals.

24. The Plaintiff proposes two classes, Class A and Class B, to be defined as follows:

   a. Class A, which pertains to violations of the FCRA, shall include all individuals

      i. who are consumers under the FCRA,

      ii. who received notice (within two years preceding the filing of this action) that a credit report contained negative reporting by Renaissance,

      iii. who disputed the negative reporting with a credit reporting agency because it was in fact inaccurate,

      iv. whose credit report remained uncorrected after being investigated by a credit reporting agency, and

        v. whose report containing inaccurate information was published to others.

   b. Class B, which pertains to violations of GBL § 349, shall include all individuals

        i. who reside in the State of New York,

        ii. who are customers or clients of Renaissance,

        iii. and who hold one or more bank accounts that Renaissance withdrew funds from without authorization within the past three years.

25. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a class is appropriate and preferable because of the factors stated below.

   a. The Defendant's violations stem from routine and systematic conduct. Thus, the proposed classes are so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the proposed classes and these questions predominate over any questions affecting individual claims.

   c. Identification of putative class members is a matter that can best be determined from the Defendant's records.

   d. The precise number of putative class members is unknown at this time and can only be discerned through discovery. However, upon information and belief, the Defendant serves as a financial lender for thousands of individuals. Therefore, the class members are believed to be so numerous that the joinder of all its members is impractical.

e. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in prosecuting consumer claims based on credit reporting and deceptive acts and practices. The Plaintiff's interests are consistent with those of putative class members.

f. A class action is superior for the fair and efficient adjudication of the putative class members' claims.

g. Absent a class action, most members of the putative class would find the cost, time, and ability of engaging in protracted litigation prohibitive.

h. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

i. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendant.

**j.** Proceeding by way of a class action is the most economical and sensible manner in which to vindicate the injuries sustained by the Plaintiff and potential class members.

## COUNT I
## DEFENDANT'S VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant Renaissance violated the Fair Credit Reporting Act against the Plaintiff and putative members of Class A:

   a. when it failed to conduct an investigation of disputed information pursuant to 15 U.S.C. § 1681s-2(b)(1)(A);

   b. when it failed to properly review all relevant information about the dispute or disputes pursuant to 15 U.S.C. § 1681s-2(b)(1)(B);

   c. when it, upon information and belief, failed to timely review disputes and report the results to credit reporting agencies pursuant to 15 U.S.C. §§ 1681s-2(b)(1)(C) and 1681s-2(b)(2);

   d. when it failed to inform credit reporting agencies about incomplete or inaccurate information pursuant to 15 U.S.C. § 1681s-2(b)(1)(D);

   e. when it failed to properly modify, delete, or block reporting of inaccurate, incomplete, or unverifiable information pursuant to 15 U.S.C. § 1681s-2(b)(1)(E); and

   f. when it failed to complete investigations, reports, and reviews within the time period(s) required under 15 U.S.C. § 1681s-2(b)(2).

28. Defendant Renaissance's conduct, actions, and omissions were willful, rendering it liable to the Plaintiff and putative class members for statutory and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

29. In the alternative, the Defendant's conduct, actions, and omissions were negligent, rendering it liable for statutory damages pursuant to 15 U.S.C. § 1681o.

30. The Defendant's willful and/or negligent conduct also renders it liable for actual damages for the Plaintiff, individually. The Defendant's conduct caused the Plaintiff significant distress, financial loss, wasted time, and reputational damage.

## COUNT II
## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. New York General Business Law ("GBL") § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in the State of New York.

33. By acting as a financial lender, the Defendant conducts business and/or provides services within the meaning of GBL § 349.

34. The Defendant engaged in deceptive acts and practices against the Plaintiff and putative members of Class B by systematically and repeatedly engaging in unauthorized bank withdrawals, *inter alia*. The aforementioned acts and omissions by the Defendant 1) were deceptive and misleading in a material sense, and 2) caused injury to the Plaintiff and putative class members.

35. By reason of the conduct alleged above, the Defendants engaged in deceptive conduct in violation of GBL § 349. The Plaintiff and putative class members are entitled to statutory damages and actual damages (for any unreturned withdrawals) pursuant to the Defendant's violations of GBL § 349.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered by:

1. awarding the Plaintiff and putative class members statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. §§ 1681n and/or 1681o against the Defendant,

2. awarding the Plaintiff individually actual damages, costs, and attorneys' fees pursuant to 15 U.S.C. §§ 1681n and/or 1681o against the Defendant,

3. awarding the Plaintiff and putative class members statutory damages, actual damages, attorneys' fees, and costs pursuant to GBL § 349,

4. Granting such other and further relief that the Court may deem just and proper.

**<u>TRIAL BY JURY DEMANDED ON ALL COUNTS</u>**

Dated : October 3, 2022

Respectfully submitted,

Hashim Rahman, Esq.
Rahman Legal
43 W 43rd Street, Suite 204
New York, NY 10036
hrahman@rahmanlegal.com
Phone: (347) 433-6139

*Attorney for the Plaintiff*